[Civ. No. 3775.  Second Appellate District, Division Two.—March 19, 1923.]

# F. D. SILVIUS, Respondent, v. GRACE M. SCHOLES, Appellant.

[1] LANDLORD AND TENANT—EXISTENCE OF RELATIONSHIP—EVIDENCE.—Where property the subject of an action of unlawful detainer was purchased by plaintiff with the aid of defendant, who advanced for the purpose a certain sum of money, and it was understood that upon the acquisition of the premises defendant might occupy them until the amount advanced by her should be applied *in toto* as rent at the rate of a certain amount per month, and she did occupy the premises until the amount of advance was exhausted pursuant to the understanding, defendant was a tenant of plaintiff, at least after the expiration of the period during which she was to occupy the property under her advance.

[2] UNLAWFUL DETAINER—PLEA IN ABATEMENT.—In an action of unlawful detainer, a plea in abatement cannot be predicated of a judgment in a prior action between the same parties wherein the court determined that defendant (as plaintiff in the prior action) was the owner of an undivided one-half interest in the property in question, where the judgment in such prior action had become final prior to filing of defendant's answer.

APPEAL from a judgment of the Superior Court of Los Angeles County. Percy S. King, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Leon R. Yankwich and Edward H. Allen for Appellant.

James F. McBryde, W. Claire Anspach and Oliver O. Clark for Respondent.

WORKS, J.—This is an action of unlawful detainer. Plaintiff had judgment and defendant appeals.

[1] Appellant's first contention is that a finding of the trial court that the relation of landlord and tenant existed between the parties is not supported by the evidence. Although the evidence was not without contradiction there was testimony tending to show the following facts: The property which is the subject of the action was purchased by respondent with the aid of appel-

lant, who advanced for the purpose a certain sum of money. It was understood that upon the acquisition of the place appellant might occupy it until the amount advanced by her should be applied *in toto* as rent at the rate of a certain amount per month. She did occupy the premises until the amount of her advance was exhausted pursuant to the understanding. This action was commenced thereafter. Under these circumstances we cannot avoid the conclusion that appellant was a tenant of respondent, at least after the expiration of the period during which she was to occupy the property under her advance. Her status after that time had run is well described by the usual definitions of the word "tenant," even in its most restricted sense (38 Cyc. 123; 16 R. C. L., tit. "Landlord and Tenant," par. 2). The finding had ample support in the evidence.

[2] Appellant insists that the trial court erred in refusing to admit certain evidence under a part of appellant's answer which she characterizes as a plea in abatement, and this is the sole remaining point made. To be more specific, she contends that her pleading set up the plea of former action pending. The part of the answer which is now in question presented the claim of appellant that the real arrangement between her and respondent was that she was to have an undivided one-half interest in the property in suit after its acquisition, instead of a mere leasehold interest to use up the amount advanced by her to aid in completing the purchase, and that respondent fraudulently took title in severalty to the premises in his own name. The pleading then alleged that appellant had instituted an action for the purpose of establishing her one-half interest in the property, that respondent had answered her complaint therein, and that a trial of the cause had been had. The pleading then averred "that judgment was rendered in favor of this defendant, and that thereafter, to-wit: on the 2d day of February, 1921, there was filed and docketed in the above entitled court a judgment in favor of this defendant, adjudging her to be the owner of an undivided one-half interest in the property described in . . . plaintiff's complaint." It is especially to be noted that this pleading was filed April 14, 1921, seventy-one days after the entry of the judgment pleaded. As the statute allows but sixty days within which to appeal from a final judgment (Code Civ. Proc. sec.

939), the judgment in this instance had become final. Therefore the plea certainly was not a plea in abatement. Accordingly, evidence could not have been received under it as a plea of that kind. If appellant had alleged that a motion for a new trial was pending and undetermined in the action or that an appeal from the judgment was pending therein, the nature of the plea would have been entirely different.

It is to be remarked that the facts disclosed by the record are in such condition that the plea as made could not have been availed of by appellant as a plea in bar, if for the moment we assume, although we do not decide, that it may be viewed as a plea of that nature.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1923.